IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **APS INVESTMENT, LLC,** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No: 1:24-cv-02326-JMC |
| **CUMBERLAND MUTUAL FIRE INSURANCE COMPANY,** | * | |
| | * | |
| *Defendant.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL AS MOOT

Before the Court is Defendant's Motion to Compel Discovery (ECF No. 18).[1] Plaintiff did not file an opposition to the motion. The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). As set forth immediately below, Defendant's Motion to Compel is DENIED as moot.

In its motion, Defendant sets forth a valid basis for the motion. Specifically, Defendant documents that it sent written discovery to Plaintiff on September 10, 2024, was ultimately told to expect responses on November 6, 2024, but as of the December 4, 2024 filing of the Motion to Compel, responses were yet to be received. (ECF No. 18 at 1-2; ECF No. 18-1; ECF No. 18-2). Ordinarily under such circumstances, the Court would grant Defendant's motion, especially

---

[1] Defendant's filing of a Motion to Compel was technically a violation of this Court's informal discovery dispute resolution process set forth in this Court's September 11, 2024 Memorandum to Counsel, which sets forth a streamlined process for the Court to resolve discovery disputes like this one. (ECF No. 14). Had Defendant followed that process, not only would Defendant have not incurred the expense of its Motion to Compel, but the issue raised would very likely have been resolved in short order. That said, Defendant did take reasonable efforts to resolve the issue without Court intervention and was promised responses by November 6 (ECF No. 18-2), which were never actually produced. Under such circumstances, Defendant's technical noncompliance is somewhat understandable.

because no opposition was filed. However, subsequent filings by the parties show that the requested discovery was ultimately provided by Plaintiff on January 8, 2025, one day before the discovery deadline. (ECF No. 24 at 3). The discovery having been provided, Defendant's Motion to Compel (ECF No. 18, is DENIED as moot.

To the extent Plaintiff's late compliance warrants penalties, that issue will be addressed by the Court in its opinion concerning Defendant's Motion for Sanctions. (ECF No. 20).


Dated: February 6, 2025                          /s/
                                         J. Mark Coulson
                                         United States Magistrate Judge