IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **APS INVESTMENT, LLC,** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No: 1:24-cv-02326-JMC |
| **CUMBERLAND MUTUAL FIRE INSURANCE COMPANY,** | * | |
| | * | |
| *Defendant.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR SANCTIONS

This matter concerns an insurance coverage dispute based on losses sustained at Plaintiff's property. Before the Court is Defendant's Motion for Sanctions based on Plaintiff's failure to provide timely discovery responses. (ECF No. 20). The Court has also reviewed Plaintiff's Response in Opposition and Defendant's Reply. (ECF Nos. 24 and 27). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). As set forth more fully below, Defendant's Motion (ECF No. 20) is GRANTED in part and DENIED in part.

This Court entered a scheduling order on September 10, 2024 that established certain interim dates for discovery tasks and an overall discovery deadline of January 9, 2025. (ECF No. 10). In keeping with that order, Defendant propounded written discovery to Plaintiff on September 10, 2024. (ECF No. 18-1). Though promising responses by November 6, 2024, Plaintiff did not provide them at that time. (ECF No. 18 at 1-2; ECF No. 18-2). Instead, responses were not provided until January 8, 2025, one day before the discovery deadline. (ECF No. 24 at 3).[1]

---

[1] The Court also notes that Defendant filed a Motion to Compel those responses on December 4, 2024 (ECF No. 18) to which the Court ordered Plaintiff to respond by January 6, 2025). (ECF No. 19). No opposition to the Motion to

Defendant correctly points out that under Rule 37(d)(1)(A)(ii) of the Federal Rules of Civil Procedure, this Court may, on motion, order sanctions if a party, after being properly served with interrogatories or a request for inspection, fails to serve its answers, objections, or written response. Sanctions may include prohibiting the disobedient party from introducing designated matters in evidence. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).  Defendant seeks an order prohibiting Plaintiff from introducing evidence regarding any issue or item called for in Defendant's discovery.  (ECF 20-2).

The dilemma for the Court is that Plaintiff has provided discovery responses, albeit belated ones on the day before discovery was set to end.  Under those circumstances, the Court will not award the sanctions sought.  That said, Plaintiff's untimely, eleventh-hour responses deserve some reprimand.  First, pursuant to Federal Rules of Civil Procedure 33(b)(4), 34(b)(2)(B) and 34(b)(2)(C), Plaintiff's objections to the discovery are stricken.  As to their interrogatory objections, the objections are stricken as not timely made, since they are three months overdue and only lodged the day before discovery closed.  As for Plaintiff's responses to the requests for production, the objections are stricken as boilerplate and nonspecific, and also because they do not specify whether any documents were actually withheld based on the objection, a particularly vexatious practice that leaves the propounding party—and the Court—left to guess.  To the extent information was held back from either Plaintiff's interrogatory answers or its responses to the requests for production, such information should be supplemented by February 18, 2025.

Additionally, Defendant has certainly been prejudiced by receiving responses one day before the close of discovery.  Although Plaintiff apparently produced some information related

---

Compel was filed by the deadline.  Instead, Plaintiff apparently filed belated discovery responses on January 8, 2025.

to the loss pre-suit, that does not relieve Plaintiff of its discovery obligations. A propounding party should not be left to guess which, if any, information produced prior to litigation will, in fact, be relied on to carry a plaintiff's trial burden. To the extent Defendant requires a reasonable extension of discovery to conduct additional discovery based on the information and documents produced, the Court will grant such a request. Defendant should prepare an order if such discovery is desired.

Finally, other than the supplementation described above with regard to information or documents withheld based on a now-stricken objection, Plaintiff shall be limited at trial to the information contained in its discovery responses and production.

Accordingly, Defendant's Motion for Sanctions is GRANTED in part and DENIED in part.

Dated: February 6, 2025

/s/
J. Mark Coulson
United States Magistrate Judge