IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **APS INVESTMENT, LLC,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:24-cv-02326-JMC |
| **CUMBERLAND MUTUAL FIRE INSURANCE COMPANY,** | * | |
| | * | |
| *Defendant.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

This matter is an insurance coverage dispute wherein Plaintiff seeks coverage for damage to its premises from vandalism. Defendant denied the claim, characterizing what occurred at the premises as "burglary/theft," which is not covered by the policy, rather than "vandalism," which potentially is. The Court has before it Defendant's Motion for Summary Judgment, along with Plaintiff's Opposition and Defendant's Reply. (ECF Nos. 21, 25 and 28). As set forth more fully below, Defendant's Motion (ECF No. 21) is DENIED without prejudice to refiling.

It is important to place the current motion in temporal context. At the time it was filed on January 7, 2025, Plaintiff had not responded to Defendant's written discovery in any way. This also formed the basis for an earlier Motion to Compel on December 4, 2024 (to which the Plaintiff never responded), and a Motion for Sanctions stemming from the same discovery failure, filed contemporaneously with the instant motion. (ECF Nos. 18 and 20). That discovery failure, and the resulting presumed inability of Plaintiff to present any evidence on liability or damages, formed the sole basis of Defendant's Motion for Summary Judgment. Since the instant filing however, Plaintiff has responded to discovery, the Court has denied the Motion to Compel as moot, and the

Court has granted in part and denied in part the Motion for Sanctions, addressing the consequences of Plaintiff's belated responses. (ECF Nos. 29 and 30). As to the latter, the net effect is that Plaintiff's discovery objections are stricken, Plaintiff has been ordered to supplement its response to the extent information was withheld based on those objections by February 18, 2025, Defendant has been granted a reasonable time to conduct additional discovery and designate an expert (or experts), and Plaintiff will be limited to its responses and document production in terms of its presentation at trial. (ECF No. 30 at 2-3).

Defendant, prior to the Court's decision on the Motion for Sanctions, filed its Reply to the instant motion after receiving Plaintiff's belated discovery response, and attempts to pivot from its initial argument. Now armed with Plaintiff's discovery responses, Defendant makes new arguments, including that the discovery produced nonetheless falls short of creating a jury issue on liability and damages, and that any expert (retained or hybrid) identified in Plaintiff's responses should be stricken as untimely and also not in compliance with Federal Rule of Civil Procedure 26's expert disclosure requirements. (ECF No. 28). "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Jennings v. Frostburg State Univ.*, 679 F. Supp. 3d 240, 268 (D. Md. 2023) (quoting *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). Not only does this raise a fairness concern in that the opposing party has not had an opportunity to response to such arguments, it also "would risk an improvident or ill-advised opinion on the legal issues raised." *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995).

But even if the Court were to overlook this general rule, Defendant's arguments are premature for several reasons. First, as mentioned, the Court issued its ruling on Defendant's Motion for Sanctions after the instant motion was fully ripe. Both sides now have the benefit of

that ruling so that it can be factored into their future respective summary judgment arguments. Second, the parties have not briefed the issue of whether any experts identified by Plaintiff in its discovery responses should be limited in their testimony or stricken altogether, as such relief was not requested in Defendant's Motion to Sanctions. The Court is not prepared to order such relief in the absence of full briefing. Third, in its earlier ruling, the Court granted Defendant the ability to conduct additional discovery and, as necessary, designate its own experts in response to Plaintiff's delayed discovery. Such additional information may further develop the factual record in a way that makes summary disposition more or less appropriate as the case may be.

Accordingly, Defendant's Motion for Summary Judgment (ECF No. 21) is DENIED without prejudice as premature. Defendant may refile its motion, if still appropriate, once any additional discovery (including expert discovery) has been concluded, and once any motion to exclude Plaintiff's experts has been decided by the Court.

Dated: February 11, 2025                              /s/
                                                    J. Mark Coulson
                                                    United States Magistrate Judge